UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE SHEET METAL WORKERS
PRODUCTION WORKERS WELFARE FUND,
TRUSTEES OF THE SHEET METAL WORKERS        **REPORT AND**
PRODUCTION WORKERS PENSION FUND, et. al.   **RECOMMENDATION**
                                           CV 04-3186 (JS) (WDW)
                    Plaintiffs,

         -against-

HST ROOFING, INC.,

                    Defendant,
------------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

    This matter was referred to the undersigned by District Judge Seybert for a determination of whether a default should be entered and, if so, for an inquest and a report and recommendation on the amount of damages to be awarded. By order dated February 17, 2005, plaintiffs' counsel was directed to submit papers in support of the damages claim by April 1, 2005, later extended to June 1, 2005. Plaintiffs' counsel complied with this request. Defendant's counsel had until June 15, 2005, to respond, but there has been no submission of papers or appearance by defendant HST Roofing, Inc.

    Based on the evidence submitted, the court recommends that a default judgment be entered and damages awarded in the amount of $44,446 along with interest in the amount of $4,145, liquidated damages in the amount of $2,072, and attorneys' fees and costs in the amount of $1,160 and $282, respectively, for a total award of $52,105.

    The procedural history of this case is as follows. Plaintiffs, the Trustees of the Sheet Metal Workers Production Workers Welfare Fund, et. al., commenced this lawsuit by service of a summons and complaint on the defendant on July 27, 2004. Defendant failed to answer or

move. Plaintiffs moved for a default judgment on December 1, 2004, and on January 21, 2005, the Clerk of the Court certified defendant's default. The defendant has not responded to the motion for a default judgment (which was duly served upon the defendant).

Based on the facts set forth in the memoranda and plaintiffs' affirmations, the undersigned recommends that a default judgment be entered. While it is true that there is a preference for parties to engage each other on the merits rather than for a court to render a default judgment, *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), it is also true that a default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *Kim v. City of New York*, 1990 U.S. Dist. LEXIS 7137, at *5 (S.D.N.Y. June 11, 1990) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Here, HST Roofing is such an unresponsive party, and the plaintiffs are entitled to entry of a default judgment.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

The complaint alleges that defendant HST Roofing, Inc. failed to make benefit fund contributions as required by the collective bargaining agreement (the "Agreement"). Plaintiffs

2

claim they should be awarded:

> 1. delinquent contributions for the period April 21, 2004, through October 27, 2004, in the amount of $44,446[1];
>
> 2. interest at the rate of 2.00 percent per month from April 21, 2004, through October 27, 2004, in the amount of $4,145, pursuant to Article XII, Section 17 of the Agreement;
>
> 3. additional liquidated damages at 1.00 percent per month from April 21, 2004, through October 27, 2004, in the amount of $2,072, pursuant to Article XII, Section 17 of the Agreement; and
>
> 4. reasonable attorneys' fees and costs incurred in the amount of $1,160 and $282, respectively, pursuant to Article XII, Section 16 of the Agreement.

Plaintiffs support their claims for damages with an affidavit from John McGrath, the Fund Administrator of the Local 28 Sheet Metal Worker Benefit Funds, a copy of the underlying Agreement, copies of the service fees invoices, a Statement of Damages, and the delinquent contribution report from the Benefit Fund office. *See* McGrath Aff. Exs. A-D. Based on the evidence submitted, the plaintiffs have adequately substantiated the amount of the claim, and the court accepts plaintiffs' allegation that defendant HST Roofing, Inc. failed to make contributions for the relevant time period. The court has also determined that the proper amount of those contributions is $44,446.

Plaintiffs seek interest pursuant to Article XII, Section 17 of the Agreement, which provides that "[a]ll delinquent contributions shall bear interest of two percent (2%) per month." Accordingly, plaintiffs have demonstrated entitlement to 2.00 percent interest totaling $4,145 from April 21, 2004, through October 27, 2004. *See id.* Exs. C-D.

Plaintiffs also claim that they are entitled to liquidated damages equal to 1.00 percent per

---

[1]The court has rounded the relevant numbers.

month pursuant to Article XII, Section 17 of the Agreement which provides that "all delinquent Employers shall be charged with liquidated damages of one percent (1%) per month on the unpaid contributions." Thus, plaintiffs shall also be awarded an additional $2,072. *See id*.

Plaintiffs are also entitled to reasonable attorneys' fees and costs pursuant to the Agreement. When fixing a reasonable rate for attorneys' fees, it is appropriate for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonably comparable skill, experience, and reputation. *See American Cablevision of Queens v. McGinn*, 817 F. Supp. 317, 320 (E.D.N.Y. 1993). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). Finally, when determining attorneys' fees, judges should "use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992).

The plaintiffs meet these standards, and are entitled to an award of $1,160 in attorneys' fees. In a Statement of Damages Affirmation dated December 31, 2004, Danielle M. Carney stated that both she and her firm, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, were well-versed in handling the collection of benefit fund contributions. *See* Carney Aff. ¶ 4. Ms. Carney also stated that the customary rate for an associate attorney in her firm was $200 per hour, and provided a detailed account of the total hours spent on the case measured in one-tenth hour increments. The court finds the rate and the number of hours to be reasonable.

Accordingly, with 5.8 hours being spent on the case, the plaintiffs' request for $1,160 in attorneys' fees is reasonable in all respects.

Finally, plaintiffs seek an award totaling $282 in costs. Plaintiffs include $150 in Index Number costs and $132 in Process Server costs. The court finds that the documentation provided is adequate and that the costs are reimbursable. Accordingly, the court finds that the plaintiffs are entitled to recover $282 in costs.

## RECOMMENDATION

For all the reasons set forth above, the undersigned recommends that plaintiffs be awarded a total of **$52,105**, broken down as follows:

**$44,446** in delinquent contributions;

**$4,145** in interest pursuant to the Agreement;

**$2,072** as liquidated damages pursuant to the Agreement; and

**$1,160** in attorneys' fees and **$282** in costs, respectively.

## OBJECTIONS

A copy of the Report and Recommendation is being sent by the Court to plaintiffs by electronic filing. Plaintiffs are directed to serve a copy of this Report and Recommendation on defendant by certified mail, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       June 28, 2005

                                                   /s/ William D. Wall
                                                   WILLIAM D. WALL
                                                   United States Magistrate Judge